LEECH TISHMAN NELSON HARDIMAN
Allen B. Grodsky (SBN 111064)
*agrodsky@leechtishman.com*
Courtney L. Puritsky (SBN 251330)
*cpuritsky@leechtishman.com*
1100 Glendon Avenue, 14th Floor
Los Angeles, CA 90024
Telephone: (310) 203-2800
Facsimile: (310) 203-2727

Attorneys for Plaintiff
Advent Software, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVENT SOFTWARE, INC.,<br>Plaintiff,<br>vs.<br>ADVENT AI, INC.,<br>Defendants. | Case No. 4:26-cv-06187-EJD<br>Assigned to Hon. Edward J. Davila<br>**JOINT CASE MANAGEMENT STATEMENT** |

Pursuant to Local Rule 16-9, the parties submit the following Joint Case Management Statement:

**1. <u>Jurisdiction and Service</u>:**

The basis for the court's subject matter jurisdiction over plaintiff's claims is 15 U.S.C. §§ 1121, 1331, and 1338. Defendant disputes personal jurisdiction and service which will be the subject of its motion to dismiss. No parties remain to be served.

Defendant's participation in this Statement and in the Case Management Conference is subject to, and without waiver of, its defenses of lack of personal jurisdiction, insufficient process, and insufficient service of process, and its

alternative request to transfer venue to the United States District Court for the Southern District of Florida.

**2. <u>Facts</u>:**

<u>Plaintiff's position</u>: Plaintiff Advent Software, Inc. ("Advent") is a global provider of financial technology, serving investment and wealth managers, hedge fund managers, and managers of alternative investments, among others. Advent provides a broad portfolio of solutions, including software-based solutions, which integrates artificial intelligence ("AI"), machine learning, and natural language processing into its technology to enhance its software-based solutions. Advent owns a series of "ADVENT" trademarks which are registered with the USPTO, and which are distinctive and famous.

Defendant Advent AI, Inc. ("Advent AI") is a software developer who, in 2024, applied to obtain a registration of the service mark Advent AI for use as an application service provider, hosting, managing, developing, and maintaining applications, software and website in the field of, among other thing, financial services.

Plaintiff Advent never authorized Defendant Advent AI to use a confusingly similar version of its marks.

<u>Defendant's position</u>: Advent AI is a corporation organized under the laws of Florida with its principal place of business in Weston, Florida. Advent AI is an early-stage technology company whose business and customer development are directed at markets in the Caribbean region and Florida. Advent AI is not registered to do business in California, has no office, employees, or property in California, and is not aware of any customer, subscriber, or revenue from California.

Advent AI adopted its corporate name in good faith as a description of its business — artificial-intelligence services — and without reference to Plaintiff. Advent AI denies that its use of its name and mark is likely to cause confusion or

dilution: the parties operate in different fields, offer different services, and address different customers through different channels. Advent AI will respond further to the allegations of the Complaint if and when a responsive pleading is required following resolution of its forthcoming motion.

**3. <u>Legal Issues</u>:**

A. Whether there is Defendant's offering of services under the Advent AI mark is going to create a likelihood of confusion (*see* 15 U.S.C. § 1114, 1125);

B. Whether the Advent Marks are distinctive and famous within the meaning of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c);

C. Whether the Advent AI mark is likely to cause dilution of the Advent Marks (15 U.S.C. § 1125(c)).

D. Whether this Court may exercise personal jurisdiction over Defendant, a Florida corporation, consistent with Fed. R. Civ. P. 4(k) and due process;

E. Whether service of process on Defendant was sufficient under Fed. R. Civ. P. 4(h);

F. Whether venue should be transferred to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §§ 1404 or 1406; and

G. Whether Plaintiff owns, and has standing to enforce, each of the asserted registrations.

**4. <u>Motions</u>:**

Defendant will file, on or before September 11, 2026, a motion to dismiss for lack of personal jurisdiction and insufficient service of process and for partial dismissal for failure to state a claim, or, in the alternative, to transfer venue to the United States District Court for the Southern District of Florida pursuant to 28

U.S.C. §§ 1404 and 1406. Plaintiff anticipates filing a motion for summary judgment.

**5. Amendment of Pleadings:**

Plaintiff does not currently anticipate adding or dismissing claims. Plaintiff proposed a deadline of 12/1/2026 to amend the pleadings.

Defendant's position: Defendant does not anticipate amending its pleadings before resolution of its forthcoming motion, and respectfully submits that a deadline to amend should be set, if necessary, after the Court rules on that motion.

**6. Evidence Preservation:**

Counsel for the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirm that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7. Disclosures:**

The Parties agree that initial disclosures should be deferred until after the Court resolves Defendant's forthcoming motion challenging personal jurisdiction, service, and venue, and proposes that disclosures be made within fourteen (14) days of an order resolving that motion, should the action remain in this District. Defendant's participation in disclosures, if required earlier, would be subject to and without waiver of its jurisdictional defenses.

**8. Discovery:**

No discovery has been taken to date.

Plaintiff anticipates serving document requests and interrogatories and taking the Rule 30(b)(6) deposition of Defendant. Plaintiff may also subpoena documents from third parties. Plaintiff intends to seek discovery regarding Defendant's adoption of the Advent AI mark; and defendant's use of the mark in commerce.

Defendant's position: Defendant does not anticipate serving discovery before resolution of its forthcoming motion, and respectfully submits that merits discovery should be deferred pending that ruling, which may resolve whether this action proceeds in this District at all. Should the action proceed, Defendant anticipates discovery directed to, among other things: Plaintiff's ownership and chain of title of the asserted registrations; Plaintiff's use of the asserted marks and the goods, services, customers, and channels of trade associated with them; the alleged fame and distinctiveness of the asserted marks; any evidence of actual confusion; and Plaintiff's claimed damages and the basis for any claim to Defendant's profits.

The parties do not propose any limitations or modifications of the discovery rules.

The parties have not entered into a stipulated e-discovery order but have met and conferred about e-discovery and do not believe there will be any issues.

**9. Class Actions**:

Not applicable.

**10. Related Cases:**

Plaintiff filed an opposition to Defendant's trademark application for the Advent AI Mark with the Trademark Trial and Appeal Board ("TTAB") of the USPTO, and that matter is currently pending before the TTAB as Opposition No. 91/305,690.

**11. Relief:**

Plaintiff seeks injunctive relief, enjoining Defendant from using the Advent AI mark or any other mark confusingly similar to the Advent marks. Plaintiff also seeks disgorgement of profits derived from infringement pursuant to 15 U.S.C. 1117(a) and (b), and will need to do discovery on the profits earned by Defendant.

**12. Settlement and ADR:**

Counsel for the parties began to discuss settlement at the meet and confer regarding the case management conference and believe that they can productively continue those conversations. The parties agree to participate in mediation through the Court's ADR Program pursuant to ADR L.R. 6, to be completed within a reasonable period after the Court's ruling on Defendant's forthcoming motion, and do not believe that additional discovery is necessary before participating in such mediation.

**13. Consent to Magistrate Judge For All Purposes**:

The parties do not so consent.

**14. Other References**:

The case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues:**

There is no request to bifurcate at this time and counsel are unaware at this time of any way to narrow the issues.

**16. Expedited Trial Procedure:**

The parties do not agree that the case can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

**17. Scheduling:**

Plaintiff proposes the following dates:

| | |
|---|---|
| Designation of Experts: | April 1, 2027 |
| Discovery Cut-off: | May 31, 2027 |
| Hearing on dispositive motions: | July 15, 2027 |
| Pretrial conference: | September 13, 2027 |
| Trial: | October 11, 2027 |

Defendant does not oppose the foregoing schedule in the event this action remains in this District following resolution of Defendant's forthcoming motion, and proposes that, if the motion is granted in whole or in part, the schedule be adjusted accordingly.

**18. Trial:**

Jury trial; 5 days.

**19. Disclosure of Non-party Interested Entities or Persons:**

Plaintiff has filed a Certification of Conflicts and Interested Entities or persons pursuant to Civil Local Rule 3-15. Plaintiff restates that SS&C Technologies Holdings, Inc., parent company to Advent Software, Inc., is the only person or entity that has either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

Defendant's position: Pursuant to Civil Local Rule 3-15, Defendant certifies that, as of this date, other than the named parties, there is no such interest to report.

**20. <u>Professional Conduct</u>:**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21. <u>Other matters</u>:**

None.

Dated: September 10, 2026

LEECH TISHMAN NELSON HARDIMAN
Allen B. Grodsky
Courtney L. Puritsky

By: /s/ Allen B. Grodsky
Allen B. Grodsky

Attorneys for Plaintiff
Advent Software, Inc.

Dated: September 10, 2026

ALIRA LAW P.A.
Tesha Allison (Fla. Bar No. 108538)
(appearance pro hac vice)

PORTER LAW FIRM
LaJoyce L. Porter (SBN 221166)

By: /s/ Tesha Allison
Tesha Allison
Attorneys for Defendant
Advent AI, Inc.

<u>LR 5-1(i)(3) Signature Attestation</u>: I hereby attest that the other signatory has concurred in the filing of this document.

/s/ Allen B. Grodsky